

**ORDERED in the Southern District of Florida on April 28, 2020.**

_____
Robert A. Mark, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov**

In re:                                                    Case No. 20-10060-RAM
ROSA MARIA VILLAMAN,                      Chapter 13


_____Debtor_____/

**ORDER CONVERTING CASE UNDER CHAPTER 13
TO CASE UNDER CHAPTER 11**

The Debtor, Rosa Maria Villaman, filed a motion to convert this case to a case under chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 1307(d). On April 28, 2020, the motion came before the Court for hearing. The Court notes that this matter was properly noticed, that no order has been entered confirming a plan under § 1325, and that the debtor may be a debtor under chapter 11. Accordingly, it is

**ORDERED** that:

1. This chapter 13 case is converted to a case under chapter 11. If not yet filed, within 14 days after entry of this order, the debtor shall file a statement as to whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply.

LF-107 (rev. 02/19/20)

2.  The debtor shall:

   a.  within 14 days of the date of this order, file a list of the debtor's equity security holders of each class, showing the number and kind of interests registered in the name of each holder and the last known name and address or place of business of each holder, as required by Bankruptcy Rule 1007(a)(3) and Local Rule 1019-1(C); and in accordance with Local Rules 1007-2 and 1009-1(D);

   b.  within 14 days of the date of this order and if such documents have not already been filed, file the statements, schedules and, if the debtor is an individual, payment advices or the required statement regarding payment advices and, unless the debtor is a case under subchapter V, Official Bankruptcy Form 122B "Chapter 11 Statement of Your Current Monthly Income"; and

   c.  as required under Local Rule 2081-1, file required payroll and sales tax reports utilizing the Local Form "Debtor's Notice of Filing Payroll and Sales Tax Reports" and file the Local Form "Chapter 11 Case Management Summary";

   d.  if the debtor is a small business debtor, file the most recent balance sheet, statement of operations, cash flow statement and federal income tax return or a statement made under penalty of perjury that no balance sheet, statement of operations, or cash flow statement has been prepared and no federal tax return has been filed.  Access to filed tax returns will be restricted for individual debtors as provided under Local Rule 5005-1(A)(2)(c).

3.  Within 2 business days of the date of this order, the debtor shall file, as applicable either Bankruptcy Form B 104 "For Individual Chapter 11 Cases: The List of Creditors Who Have the 20 Largest Unsecured Claims Against You Who Are Not Insiders" or, for non individual debtors, Bankruptcy Form B 204 "For Chapter 11 Cases: The List of Creditors Who Have the 20 Largest Unsecured Claims Against You Who Are Not Insiders" as required by Bankruptcy Rule 1007(d).

4.  If the debtor was the moving party, the debtor shall immediately pay a conversion fee of $932.00, if not previously paid.  Failure to pay the required fees will result in dismissal of this case.

5.  The Chapter 13 Trustee shall dispose of funds in the Trustee's possession in accordance with Local Rules 1019-1(E), unless otherwise ordered by the Court.

6. The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) filing by a nongovernmental unit a request for payment of an administrative expense.

7. Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

8. If 11 U.S.C. § 1141(d)(3) applies, before a discharge can be issued, the debtor must complete a postpetition instructional course concerning personal financial management and file Official Bankruptcy Form 423 "Certification About a Financial Management Course" (unless the course provider files a certificate of completion on the debtor's behalf).

###

**Submitted by:**

Elias Leonard Dsouza, Esq.
Florida Bar No. 399477
8751 W. Broward Blvd.
Suite 301
Plantation, FL 33324
954-358-5911 (Telephone)
954-357-2267 (Facsimile)
Email: dtdlaw@aol.com

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the Court a certificate of service conforming with Local Rule 2002-1(F).

Debtor
Attorney for Debtor
U.S. Trustee
Chapter 13 Trustee (if applicable)
Attorney for Chapter 13 Trustee (if applicable)

LF-107 (rev. 02/19/20)